**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ×

BRITTANY GREGORY,

        *Plaintiff,*

    *v.*

GALAXY MANAGEMENT
COMPANY, LLC and JAGMOHAN
DHILLON,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ×

**COMPLAINT**

**3:23-cv-2331**

**JURY REQUESTED**

Plaintiff Brittany Gregory, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant Galaxy Management Company, LLC ("Galaxy") and Jagmohan Dhillon (collectively "Defendants") as follows:

**PRELIMINARY STATEMENT**

1.      This case is about race discrimination and Defendants illegal tax fraud.

**JURISDICTION**

2.      Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under federal statutes, 42 USC §1981 and 42 USC §2000, *et seq.*, and Plaintiff timely filed with the Equal Employment Opportunity Commission and was given a Right to Sue letter to proceed with race, national origin, gender, and sex discrimination claims.

3.      Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State and local law claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

**PARTIES**

4.      Plaintiff was and is a resident of Texas.

5.      Defendant is a hotel management business with a principal place of business at 8762 Preston Trace Blvd, Frisco, TX 75033.

1

6.      Upon information and belief, Defendant Dhillon is a resident of Texas.

## JURY DEMAND

7.      Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

8.      Plaintiff began her employment in January 2022 in the corporate Human Resources Group as the Human Resources Director.

9.      Plaintiff worked under Galaxy's owner: Jagmohan Dhillon.

10.     Mr. Dhillon hired primarily Indian males as his employees; and Plaintiff was one of a very few Black African Americans and was the only Black woman in her department.

11.     Plaintiff only knew of one other Black female employee during her employment. Defendant Dhillon only hired that other Black woman because she accepted a salary far lower than other employees.

12.     Eventually, Defendant Dhillon fired that Black woman, and told Plaintiff that he eliminated the position, and immediately hired an Indian woman to replace her.

13.     As well, towards the end of her employment, Defendant Dhillon fired all of the human resources department, leaving only Plaintiff to oversee all human resources issues for twenty-six properties and over 1,000 employees.

14.     Most of Plaintiff's employment was permeated with a sense of belittlement and feeling 'less than.'

15.     Plaintiff was paid less than every other Director, all of whom were white or Indian nationals.

16.     Plaintiff was often slighted by Mr. Dhillon, who would treat her differently because of her race.

17.     Any conversation Mr. Dhillon had with Plaintiff was short, curt, and clearly

uncomfortable.

18.     Mr. Dhillon sought to target Plaintiff by listing her as the responsible party on multiple hotels' tax obligations.

19.     Plaintiff was listed as the responsible party for tax collection on six hotels:

- D MURRAY LLC

- D WOOD HOTEL LLC

- D LEHI LLC

- D AIRPORT SLC LLC

- D OGDEN HOTEL LLC

- D MIDVALE LLC

20.     Plaintiff would not have been listed as the responsible party but for being a Black woman.

21.     Because Plaintiff is a Black woman, Mr. Dhillon believed that she could be manipulated and taken advantage of without consequences, and Mr. Dhillon was indifferent to any legal or financial consequences Plaintiff suffered.

22.     Mr. Dhillon asked Mahbub, a Galaxy employee, to open the accounts under Plaintiff's name as the responsible party.

23.     Agents from the Utah State Tax Commission told Plaintiff that Mahbub and Mr. Dhillon listed Plaintiff as the responsible party for paying tax on the hotel properties.

24.     In fact, that same agent told Plaintiff that she had been listed as the responsible party *for months* and many bills had been paid in her name.

25.     Plaintiff was a human resources manager and should have never been listed as a responsible party, even by accident.

26.     It was impossible, however, for this to be an accident.

27.    On January 30, 2023, Plaintiff confronted Mahbub about being listed as the responsible party, asking him to please advise on why he had "given [her] social security number out when creating agreements" as Plaintiff did not authorize him to do so.

28.    In fact, in an email chain related to Plaintiff's concerns, Cindy Sillivent, operating from the email admin@galaxyhotlesgroup.com, stated "the weird thing is that [Plaintiff's] social security number is also listed so someone had to of had her social.  Who opened these tax accounts?"

29.    After Plaintiff raised her concerns, namely that listing her as the responsible party was and is illegal, Defendants retaliated against Plaintiff.

30.    Defendants, including Defendant Dhillon, made false accusations that 'Plaintiff was talking to coworkers for too long.'

31.    Conversely, Chief Operating Officer Scott Nadel also claimed that another employee was unable to get in contact with Plaintiff.

32.    Plaintiff called that employee into her office with COO Nadel and that employee's manager, Vick, confirmed that what Defendant Dhillon had claimed was not true.

33.    Defendant Dhillon, after Plaintiff complained about being the responsible party, did everything in his power to retaliate against Plaintiff and force her to quit.

34.    When Plaintiff refused to quit, Defendant Dhillon began fabricating performance issues to lay a bad faith basis for termination.

35.    Ms. Sillivent and another employee, Shalise, told Plaintiff that she should 'watch her back' because Bobby, Defendant Dhillon's brother, 'wanted her gone.'

36.    During her employment, Plaintiff worked on Martin Luther King, Jr. Day and Juneteenth as GMA did not observe these federal holidays.

37.    However, GMA did give employees time off for Indian holidays.

4

38.     Defendant Dhillon's receptionist and the COO Nadel told Plaintiff "happy Martin Luther King Day" on Martin Luther King, Jr. Day.

39.     Plaintiff felt this was an awkward and forced greeting, and asked whether the company was ever going to observe the holiday and take the day off.

40.     The COO Nadel laughed and said "you better take that up with Jag [Defendant Dhillon])."

41.     Plaintiff was terminated out of retaliation on February 21, 2023.

## CAUSES OF ACTION

## FIRST CLAIM

### 42 U.S.C. § 1981 and § 1981a, against all Defendants

42.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43.     Under 42 U.S.C. § 1981, it is illegal to discriminate against someone on the basis of their race.

44.     Plaintiff is a Black woman.

45.     Defendants are an Indian man and a corporation owned by an Indian man.

46.     Defendants labeled Plaintiff, the Human Resources manager, as the responsible party for paying property tax on multi-million dollar hotels.

47.     This was not simply an error.  Defendants had to actively input Plaintiff's social security number to list her as the responsible party.

48.     But-for being a Black woman, Plaintiff would not have been listed as the responsible party.

49.     Defendants' conduct is egregious and was done with malicious intent.

50.     Similarly, Defendants have a pattern and practice of discriminating against Black women.

51.     Defendants also have a pattern and practice of treating Black women differently and less than.

52.     Plaintiff seeks front and back pay, emotional distress damages, costs, fees, punitive damages, and any and all other relief available to her.

## SECOND CLAIM

### Equal Pay Act violation, against all Defendants

53.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

54.     Under 29 U.S.C. § 206, the Equal Pay Act, it is illegal to discriminate against someone on the basis of their sex.

55.     Specifically and as relevant here, it is illegal to pay someone less because they are a woman.

56.     Plaintiff is a Black woman and was the Director of Human Resources.

57.     Plaintiff was paid substantially less than her male colleagues.

58.     Upon information and belief, all female Directors were paid substantially less than male Directors.

59.     Plaintiff seeks front and back pay, emotional distress damages, costs, fees, punitive damages, and any and all other relief available to her.

## THIRD CLAIM

### Race Discrimination 42 U.S.C. § 2000 *et seq.* and Chapter 21 of the Texas Labor Code against, Defendant Galaxy Management Company, LLC

60.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

61.     Under 42 U.S.C. § 2000 *et seq*., Title VII, and the Texas Labor Code, it is illegal to discriminate against someone on the basis of their race.

62.     Plaintiff is a Black American woman.

63.     Defendants are an Indian man and a corporation owned by an Indian man.

64.     Defendants labeled Plaintiff, the Human Resources manager, as the responsible party for paying property tax on multi-million dollar hotels.

65.     This was not simply an error. Defendants had to actively input Plaintiff's social security number to list her as the responsible party.

66.     But-for being Black, Plaintiff would not have been listed as the responsible party.

67.     Defendants' conduct is egregious and was done with malicious intent.

68.     Similarly, Defendants have a pattern and practice of discriminating against Black people.

69.     Defendants also have a pattern and practice of treating Black people differently and less than.

70.     Plaintiff seeks front and back pay, emotional distress damages, costs, fees, punitive damages, and any and all other relief available to her.

## FOURTH CLAIM

**Sex and Gender Discrimination 42 U.S.C. § 2000 *et seq.* and Chapter 21 of the Texas Labor Code against Defendant Galaxy Management Company, LLC**

71.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

72.     Under 42 U.S.C. § 1981, it is illegal to discriminate against someone on the basis of their sex or gender.

73.     Plaintiff is a Black woman.

74.     Defendants are Indian men and a corporation owned by an Indian man.

75.     Defendants labeled Plaintiff, the Human Resources manager, as the responsible party for paying property tax on multi-million dollar hotels.

76.     This was not simply an error. Defendants had to actively input Plaintiff's social security number to list her as the responsible party.

8

77.    But-for being a woman, Plaintiff would not have been listed as the responsible party.

78.    Defendants' conduct is egregious and was done with malicious intent.

79.    Similarly, Defendants have a pattern and practice of discriminating against women.

80.    Defendants also have a pattern and practice of treating women differently and less than.

81.    Plaintiff seeks front and back pay, emotional distress damages, costs, fees, punitive damages, and any and all other relief available to her.

## FIFTH CLAIM

**Retaliation for raising rights under 42 USC §1981 and §2000, *et seq*., against all Defendants, and Chapter 21 of the Texas Labor Code against Defendant Galaxy Management Company, LLC**

82.    Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

83.    42 USC §1981 and §2000, et seq., and Chapter 21 of the Texas Labor Code all make it illegal to retaliate against an employer if they make claims of discrimination.

84.    Plaintiff claimed that Defendants had wrongfully listed her as the responsible party because of her race and gender.

85.    After she complained, Defendants subjected Plaintiff to adverse employment actions by criticizing her work and, ultimately, terminating her out of retaliation.

86.    Plaintiff seeks front and back pay, emotional distress damages, costs, fees, punitive damages, and any and all other relief available to her.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.  For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B.  For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C.  For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D.  For the fourth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

E.  For the fifth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

F.  For such other and further relief as the Court deems just and proper.

Dated: Dallas, Texas
October 20, 2023

THE HARMAN FIRM, LLP

By: _____

10

Walker G. Harman, Jr.
824 Exposition Ave.,
Suite 7
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
*Attorney for Plaintiff*